UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARY SIDNEY,

Plaintiff,

v.

CSU CHICO STATE ENTERPRISES, et al.,

Defendants.

No. 2:26-cv-02877-TLN-ICD

**ORDER**

This matter is before the Court pursuant to Defendants CSU Chico State Enterprises ("CSE") and Board of Trustees of the California State University's (collectively, "Defendants") Motion for Extension of Time to Respond to the Complaint. (ECF No. 5.) Plaintiff Mary Sidney ("Plaintiff") filed an opposition. (ECF No. 6.) For the reasons discussed below, the Court GRANTS Defendants' motion.

///

///

///

///

## I. Factual and Procedural Background

The instant action arises from an employment dispute in which Plaintiff, who was employed by CSE as the Chief Executive Officer and Board Secretary, alleges Defendants engaged in discrimination and retaliation. (ECF No. 1 at 4–17.) Plaintiff filed suit against Defendants in Butte County Superior Court on June 18, 2026. (*Id.* at 4.) Defendants removed the action to this Court on August 24, 2026. (*See id.*) Defendants filed the instant application for extension of time, requesting a two-week extension of time to file their responsive pleadings, on September 3, 2026. (ECF No. 5.)

## II. Standard of Law

Federal Rule of Civil Procedure ("Rule") 6(b) permits a court to grant an extension of time, after a deadline has expired, for good cause and "based on a showing of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The Ninth Circuit has held that the Supreme Court's analysis of excusable neglect in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380 (1993), applies to this context. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000). Courts analyzing excusable neglect employ an "equitable analysis" which includes "the following factors: (1) the danger of prejudice to the opposing party; (2) 'the length of the delay and its potential impact on judicial proceedings;' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant;' and (4) 'whether the movant acted in good faith.'" *Id.* (quoting *Pioneer*, 507 U.S. at 394).

A district court abuses its discretion when it fails to apply the four-factor *Pioneer* equitable balancing test to cases in which the test is appropriate. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261–62 (9th Cir. 2010). Courts engaged in balancing the *Pioneer* factors may not apply per se rules. *Id.* (citing *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004)). Rule 6(b), "like all the Federal Rules of Civil Procedure, '[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.'" *Id.* at 1258–59 (quoting *Rodgers v. Watt*, 722 F.2d 456, 459 (9th Cir.1983)).

///

///

## III. ANALYSIS

Defendants move under Rule 6 for an order to extend their time to respond to Plaintiff's Complaint. (ECF No. 5 at 1.) In considering this request, the Court analyzes each of the aforementioned *Pioneer* factors in turn.

### A. Danger of Prejudice to the Opposing Party

Defendants maintain their request will not prejudice Plaintiff because the Court has not issued a scheduling order.[1] (ECF No. 5 at 2.) Plaintiff does not argue that granting Defendants an extension will result in prejudice, as Plaintiff does not address the issue of prejudice at all in her opposition. (*See* ECF No. 6.) Accordingly, the Court finds the danger of prejudice to Plaintiff to be minimal.

### B. Length of Delay and Impact on Proceedings

Defendants seeks a two-week extension to respond to the Complaint. (ECF No. 5 at 2.) While Defendants do not discuss the impact on the proceedings, as noted above, they argue the request will not prejudice Plaintiff because the Court had not issued a scheduling order. (*Id.*) Plaintiff again does not address the length of the delay or its impact on proceedings. Accordingly, the Court finds the impact of any delay on the proceedings to be minimal.

### C. Reason for the Delay

Defendants assert this motion is not made for the purpose of harassment or undue delay. (ECF No. 5 at 3.) Defendants argue that their counsel, Matthew B. Grace, was out of the office for personal reasons from July 31, 2026 to August 17, 2026, and his co-counsel, Serena Warner, was similarly out of the office for personal reasons from July 1, 2026 to August 3, 2026. (*Id.* at 2.) Defendants note that on August 10, 2026, Warner was selected as a juror in a criminal trial and finished her jury service on August 19, 2026. (*Id.*) Defendants contend that while the operative Complaint was served on Defendants on July 28, 2026, the office did not receive a copy until August 4, 2026. (*Id.*) Defendants explain that both Grace and Warner were previously unavailable and did not have sufficient time to review the case, meet and confer with Plaintiff's

---

[1] Indeed, the Court had not issued a scheduling order at the time of Defendants' motion, but has since issued its Initial Pretrial Scheduling Order. (ECF No. 11.)

counsel, or adequately draft responsive pleadings, despite diligent efforts to do so. (*Id.*) Defendants believe they must meet and confer with Plaintiff's counsel on causes of action that may be subject to a motion to dismiss. (*Id.*)

In opposition, Plaintiff argues that Defendants' counsel does not explain why they could not meet and confer earlier, as counsel was available after August 17, 2026. (ECF No. 6 at 1.) Plaintiff asserts that this request was made the day after the answer was due and Defendants do not explain when the need for an extension became apparent, or what happened between August 17 and September 1 that prevented them from reaching out to request an extension to review the Complaint. (*Id.* at 2.)

The Court agrees with Plaintiff that Defendants' counsel fails to explain why they did not reach out between August 17, 2026 and September 1, 2026, after Grace and Warner had returned, to request an extension. However, in light of the fact that the case is in the early stages of litigation and the delay was only about two weeks — which may be an appropriate amount of time necessary to catch up on matters after being out on leave — the Court finds Defendants' counsel's delay constitutes excusable neglect.

D. <u>Whether the Movant Acted in Good Faith</u>

The test for good faith under Rule 6(b) is "whether the failure to file in a timely fashion was 'in bad faith or [in an attempt] to obtain any advantage.'" *Heath v. Google Inc.*, No. 15-CV-01824-BLF, 2016 WL 4729300, at *4 (N.D. Cal. Sept. 12, 2016) (quoting *Herbert v. State Farm Mut. Auto. Ins. Co.*, No. C 06–05532 SBA, 2009 WL 88352, at *2 (N.D. Cal. Jan. 13, 2009)). Here, neither Defendants nor Plaintiff address the issue of whether Defendants acted in good faith. (*See* ECF Nos. 5, 6.) Accordingly, there is no indication Defendants' request for extension was not made in good faith.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion for Extension of Time. (ECF No. 5.) Defendants initially requested a two-week extension to file their responsive pleadings and noted a September 14, 2026 deadline in their proposed order. (ECF Nos. 5, 5-1.) However, as this date has since passed, Defendants shall file their responsive pleading to

Plaintiff's Complaint within seven days of the electronic filing date of this Order.

IT IS SO ORDERED.

DATE: September 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE